IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STEPHEN ERIC COOLEY, Individually and as duly appointed Personal Representative of the Estate of SUEZETTE SANN COOLEY<br><br>Plaintiff,<br><br>v.<br><br>EARLY TRUCKING COMPANY, ETC INDEPENDENT CONTRACTORS, INC, and ARCH INSURANCE COMPANY<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DAMAGES**

COMES NOW THE PLAINTIFF above named and files this Complaint for Damages, showing this Court as follows:

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

**Nature of the Case, Parties, Jurisdiction, Venue, and Conditions Precedent**

1. This is an action for damages and appropriate relief for the pre-death personal injuries and wrongful death of Suezette Sann Cooley ("Mrs. Cooley").

2. Plaintiff's claims arise out of a commercial motor vehicle collision that occurred on January 3, 2022, in unincorporated Lafayette County, Florida.

3. At that time and place, Alan Loren Guernsey negligently drove a commercial motor vehicle and struck Mrs. Cooley's vehicle in the side and caused her death.

4. Plaintiff Steven Cooley is a citizen of Florida, residing at 425 NW Longitude Road, Mayo, Florida 32066.

5. Defendant Early Trucking Company ("Early Trucking") is a domestic corporation

organized under Georgia law and is a citizen and resident of Georgia. Defendant Early Trucking's principal place of business is 4483 Cherry Street N.E., Arlington, Calhoun County, Georgia, 39813 within this judicial district and division. Defendant Early Trucking may be served by delivering a copy of the Complaint and Summons to its registered agent, Bryan Willis, at that same address.

6. Defendant Early Trucking is a "motor carrier" as defined in the Georgia Motor Carrier Act of 2012, O.C.G.A. §§ 40-1-50 *et seq.*, and is subject to the provisions of that Act and regulations adopted pursuant to it.

7. Defendant Early Trucking is subject to the jurisdiction of this Court and venue of this action against Defendant Early Trucking properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1)).

8. Defendant ETC Independent Contractors ("ETC") is a domestic corporation organized under Georgia law and is a citizen and resident of this state. Defendant ETC's principal place of business is 4483 Cherry Street N.E., Arlington, Calhoun County, Georgia, 39813 within this judicial district and division. Defendant ETC may be served by delivering a copy of the Complaint and Summons to its registered agent, Bryan Willis, at that same address.

9. Defendant ETC is subject to the jurisdiction of this Court and venue of this action against Defendant ETC properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1).

10. Defendant Arch Insurance Company ("Arch") is a foreign insurance company organized under Missouri law and is a citizen and resident of that state. Defendant Arch's principal place of business is Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

11. Arch is authorized to do business in Georgia and this district and was doing business in this state, district and division at all relevant times in this action.

12. Arch may be served by serving process on its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

13. At all times material to this action, Arch was the liability insurance carrier for Defendant Early Trucking, having issued a commercial vehicle liability insurance policy or policies pursuant to and in compliance with the Georgia Motor Carrier Act of 2012, O.C.G.A. §40-1-112(c).

14. As the indemnity insurer for Early Trucking, Arch is subject to this direct action pursuant to the Georgia Motor Carrier Act of 2012, O.C.G.A. § 40-1-112, and Arch is directly liable to Plaintiff for Mrs. Cooley's injuries, death, and damages proximately caused by the sustained as a proximate result of the wrongful conduct of the other Defendants and their agents, employees, statutory employees, and concerted actors.

15. Arch is subject to the jurisdiction of this Court. Arch is a proper party defendant, and venue of this action against it properly lies in this district and division pursuant to O.C.G.A. § 33-4-1(4); the Georgia Motor Carrier Act of 2012, O.C.G.A. § 40-1-112(c); and 28 U.S.C. § 1391(b)(1) and (d).

16. Venue in this action against Arch properly lies in this judicial district and division because it is a joint obligor along with at least one other defendant who is a citizen and resident of this district and division.

17. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

18. Subject matter jurisdiction of this Court is based on complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

**Conditions Precedent**

19. All conditions precedent to the bringing of this action and Plaintiff's right to the

3

relief sought herein have occurred, have been performed, or have been excused.

## Background Facts

20. On January 3, 2022, at approximately 4:00 PM EST, Mrs. Cooley was lawfully operating her 2009 Nissan Altima on County Road 251 in unincorporated Lafayette County, Florida.

21. At all relevant times, Defendant ETC was Defendant Early Trucking's agent or concerted actor acting in the course and scope and in furtherance of Defendant Early Trucking's business. Defendant Early Trucking is subject to imputed liability for injuries, death, and damages proximately caused by Defendant ETC's wrongful conduct, including Mrs. Cooley's pre-death injuries and wrongful death, under one or more theories of vicarious or imputed liability.

22. At all relevant times, Defendant Early Trucking was Defendant ETC's agent or concerted actor acting in the course and scope and in furtherance of Defendant ETC's business. Defendant ETC is subject to imputed liability for injuries, death, and damages, including Mrs. Cooley's pre-death injuries and wrongful death, proximately caused by Defendant Early Trucking's wrongful conduct, under one or more theories of vicarious or imputed liability.

23. At all relevant times, Chris Lyons and Chris Lyons d/b/a Lyons' Trucking were agents, employees, statutory employees, or concerted actors of Defendant Early Trucking, Defendant ETC, or both of them, operating a 2000 Peterbilt Conventional tractor pulling a trailer owned by Defendant Early Trucking in the course and scope and in furtherance of Defendant Early Trucking's and Defendant ETC's business. Defendant Early Trucking, Defendant ETC, or both of them are subject to imputed liability for injuries, death, and damages, including Mrs. Cooley's pre-death injuries and wrongful death, proximately caused by the wrongful conduct of Chris Lyons' and Chris Lyons d/b/a Lyons' Trucking's agents, employees, statutory employees, and

4

concerted actors, including Guernsey, under one or more theories of vicarious or imputed liability..

24. At all relevant times, Guernsey was an agent, employee, statutory employee, or concerted actor of Chris Lyons d/b/a Lyon's Trucking, Defendant Early Trucking, Defendant ETC, or some or all of them, operating a 2000 Peterbuilt Conventional tractor pulling a trailer owned by Defendant Early Trucking in the course and scope and in furtherance of Defendant Early Trucking's and Defendant ETC's business. Defendant Early Trucking, Defendant ETC, or both of them are subject to imputed liability for injuries, death, and damages, including Mrs. Cooley's pre-death injuries and wrongful death, proximately caused by Guernsey's wrongful conduct, under one or more theories of vicarious or imputed liability.

25. Guernsey was also operating under Defendant Early Trucking's DOT authority and ID number.

26. At that time and place, Guernsey's wrongful conduct proximately caused Mrs. Cooley's pre-death personal injuries and wrongful death in one or more of the following ways, among others:

(a) Failing to obey the applicable Florida uniform traffic control laws in violation of 42 C.F.R. § 392.2;

(b) Failing to obey traffic signals in violation of Fla. Stat. §§ 316.074, 316.123(2)(a) and 316.1925 (careless driving);

(c) Failing to use due care to maintain control over the speed and movements of the tractor-trailer commercial vehicle to avoid colliding with and injuring others lawfully using the road, including Mrs. Cooley;

(d) acting with conscious disregard for the health and safety of other individuals in violation of Fla. Stat. § 316.192 (reckless driving); and

5

(e)   Any and all acts or omissions that may be shown at trial.

27. Guernsey's acts and omissions were negligent.

28. Guernsey's acts and omissions were negligence *per se*.

29. Guernsey's acts and omissions were wanton.

30. Guernsey's acts and omissions were reckless.

31. Guernsey's acts and omissions were done with conscious disregard for the health and safety of other individuals.

32. Guernsey's showed willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

33. Defendant Early Trucking's wrongful act and omissions proximately caused Mrs. Cooley's pre-death personal injuries and wrongful death in one or more of the following ways, among others:

(a)   Failing to observe and follow routine and common industry standards regarding the operation of the tractor-trailer at issue, and failing to require its agents, employees, statutory employees, and concerted action to observe and follow such standards;

(b)   Failing to take timely and appropriate precautionary measures to prevent death and injuries to other motorists on public roadways, including Mrs. Cooley;

(c)   Failing to timely implement procedures to prevent death and injuries to other motorists on public roadways, including Mrs. Cooley;

(d)   Failing to observe and follow routine and common industry standards concerning hiring, training, supervising, and retaining its managers, agents, and employees, including but not limited to Guernsey;

(e)   Entrusting its trailer to Lyons' Trucking's managers, agents, and employees,

including Alan Guernsey;

(f) Failing to promulgate and enforce adequate company policies, procedures, and rules for the protection of motorists on public roadways, including Mrs. Cooley;

(g) Failing to comply with pertinent Florida, Georgia, and Federal motor vehicle laws and regulations, Florida motor common carrier regulations, Georgia motor common carrier regulations, and all other applicable Federal and state motor carrier regulations;

(h) Failing to inspect, repair, and maintain its trailer properly and adequately so that its brakes functioned properly to control and maintain the speed and movements of the trailer safely and adequately;

(i) Operating its trailer with faulty brakes that did not function properly to enable the operator to control and maintain the speed and movements of the trailer safely and adequately;

(j) Any and all acts or omissions that may be shown at trial

34. Defendant Early Trucking's conduct was negligent.

35. Defendant Early Trucking's conduct was wanton.

36. Defendant Early Trucking's conduct was reckless.

37. Defendant ETC's wrongful acts and omissions proximately caused Mrs. Cooley's pre-death personal injuries and wrongful death in one or more of the following ways, among others:

(a) Failing to screen Chris Lyons d/b/a/ Lyons' Trucking properly and adequately before arranging the transportation relationship between Lyons Trucking and Early Trucking;

7

(b)     Failing to investigate Chris Lyons d/b/a Lyons' Trucking safety record properly and adequately before arranging the transportation relationship between Lyons Trucking and Early Trucking;

(c)     Failing to use ordinary care in selecting Chris Lyons d/b/a Lyons' and brokering a transportation relationship with them to Defendant Early Trucking;

(d)     Any and all acts or omissions that may be shown at trial.

38.     Defendant ETC's conduct was negligent.

39.     Defendant ETC's conduct was wanton.

40.     Defendant ETC's conduct was reckless.

41.     Guernsey's wrongful conduct proximately causing Mrs. Cooley's pre-death injuries and death is legally imputed to Defendant Early Trucking, Defendant ETC, or both of them under one or more theories of vicarious liability subjecting one or both of them to legal liability for Mrs. Cooley's pre-death injuries, death and resulting damages.

42.     Georgia law applies the choice of law rule known as *lex loci delicti*, which means Florida's substantive law of torts, and elements the measure of recoverable damages governs the tort claims for wrongful death and pre-death personal injuries asserted in this case.  However, Georgia law applies to remedies in this case such as an award of reasonable litigation expenses including attorney's fees (O.C.G.A. §§ 9-11-68; 9-15-14, and 13-6-11), pre-judgment interest (O.C.G.A. § 51-12-14), and privilege (Fed.R.Evid. 501).  The Federal Rules of Civil Procedure and Evidence govern to the procedural aspects of this case.

43.     Georgia law applies the choice of law rule known as l*ex loci contractus*, which means the Georgia law of agency and concerted action govern the substantive issues of the legal relationship of Defendant Early Trucking and Defendant ETC with themselves, and with Chris

Lyons, Chris Lyons, d/b/a Chris Lyons' Trucking, and Guernsey.

44. Plaintiff Stephen Cooley is the surviving spouse of Suzette Cooley and is a statutory beneficiary under the Florida Wrongful Death Act, Fla. Stats. §§ 768.16 to 768.26, and he has sustained damages, including but not limited to, loss of companionship, loss of support and services, mental pain and anguish, and any other damages as proved at trial.

45. Sara Swords is the minor daughter of Suzette Cooley and is a statutory beneficiary under the Florida Wrongful Death Act, Fla. Stats. §§ 768.16 to 768.26, and she has sustained damages, including but not limited to, loss of parental companionship, instruction and guidance, mental pain and anguish, and any other damages as proved at trial.

46. Alternatively, Plaintiff seeks damages for Mrs. Cooley's pre-death injuries and wrongful death under the Georgia Wrongful Death Act. O.C.G.A. §§ 9-2-41; 51-1-51-4-1 , et. seq. and under O.C.G.A. § 9-2-41.

47. Defendant Early Trucking, Defendant ETC, or both of them, and their agents, employees, statutory employees, and concerted actors have acted in bad faith concerning the occurrence forming the basis of Plaintiff's claims asserted herein, have been stubbornly litigious, and have put the Plaintiff to unnecessary trouble and expense.  Defendant Early Trucking, Defendant ETC, or both of them are subject to liability to the Plaintiff for his reasonable expenses of litigation, including attorney's fees.

48. The actions of Defendant Early Trucking, Defendant ETC, or both of them, and their agents, employees, statutory employees, and concerted actors showed willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

49. Punitive damages should be imposed on Defendant Early Trucking, Defendant

ETC, or both of them to punish, penalize, or deter them from repeating such wrongful conduct.

## COUNT 1
## WRONGFUL DEATH OF SUZETTE COOLEY

50. Paragraphs 1 through 49 are incorporated by reference.

51. Because of the foregoing, Defendant Early Trucking is subject to liability to Plaintiff for damages for all harm proximately caused by the Guernsey's wrongful acts or omissions.

52. Because of the foregoing, Defendant ETC is subject to liability to Plaintiff for damages for all harm proximately caused by the Guernsey's wrongful acts or omissions.

53. Because of the foregoing, Defendant Early Trucking is subject to liability to Plaintiff for damages for all harm proximately caused by the wrongful acts or omissions of Chris Lyons, Chris Lyons, d/b/a Chris Lyons' Trucking, or both of them.

54. Because of the foregoing, Defendant ETC is subject to liability to Plaintiff for damages for all harm proximately caused by the wrongful acts or omissions of Chris Lyons, Chris Lyons, d/b/a Chris Lyons' Trucking, or both of them.

55. Because of the foregoing, Plaintiff is entitled to recover reasonable expenses of litigation, including attorney's fees, as an element of damages pursuant to O.C.G.A. § 13-6-11.

56. Because of the foregoing, punitive damages should be imposed against the Defendants to punish, penalize, and deter them from repeating such wrongful conduct.

WHEREFORE, Plaintiff demands:

(a) Trial by jury;

(b) Judgment against Defendants for such sums as the evidence shall show Plaintiff to be justly entitled to recover as compensatory recoverable by Steven Cooley and Sara Swords as wrongful death beneficiaries under the Florida Wrongful Death Act, Fla. Stats. §§ 768.16 to 768.26, including interest, reasonable expenses of litigation, including attorney's fees and all costs;

(c)     Judgment against Defendants for punitive damages in an amount sufficient to punish, penalize, and deter them from repeating such wrongful conduct.

(d)     Such other relief as the Court deems just and proper.

## COUNT 2
## SUEZETTE SANN COOLEY ESTATE CLAIM

57.     Paragraphs 1 through 49 are incorporated by reference.

58.     As a result of the collision, Mrs. Cooley suffered serious personal injuries, including pre-death physical and mental pain and emotional distress.

59.     As a result of the collision, Mrs. Cooley's Estate has incurred funeral and other expenses.

60.     Because of the foregoing, Plaintiff, as personal representative of Mrs. Cooley's Estate, is entitled to recover general and special compensatory damages for her pre-death personal injuries.

61.     Because of the foregoing, Plaintiff, as personal representative of Mrs. Cooley's Estate, is entitled to recover its reasonable expenses of litigation, including attorney's fees, as an element of damages pursuant to O.C.G.A. § 13-6-11.

62.     Because of the foregoing, punitive damages should be imposed against the Defendants to punish, penalize, and deter repetition of such wrongful conduct.

WHEREFORE, Plaintiffs demand:

(a)     Trial by jury;

(b)     Judgment against Defendants for such sums as the evidence shall show Plaintiffs to be justly entitled to recover as compensatory damages and punitive damages, including interest, reasonable expenses of litigation, including attorney's fees and all costs;

(c)     Judgment against Defendants for punitive damages in an amount sufficient to punish, penalize, and deter them from repeating such wrongful conduct.

(d)     Such other relief as the Court deems just and proper.

This 28th day of December 2023.

                                                                                             Attorneys for Plaintiffs
**THE STONE LAW GROUP
 TRIAL LAWYERS, LLC**

By: */s/James W. Stone*

William S. Stone
Georgia State Bar No. 648636
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL   404-239-0305
FAX   404-445-8003
W. Stone email:   billstone@stonelaw.com
J. Stone email:   james@stonelaw.com