UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STEPHEN ERIC COOLEY, Individually and as duly appointed Personal Representative of the Estate of SUEZETTE SANN COOLEY,  <br><br>Plaintiff,  <br><br>v.  <br><br>EARLY TRUCKING COMPANY, ETC INDEPENDENT CONTRACTORS, INC, and ARCH INSURANCE COMPANY,  <br><br>Defendants. | Civil Action No. 1:23-cv-00229-LAG |

## DEFENDANT ETC INDEPENDENT CONTRACTORS, INC.'S MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW ETC Independent Contractors, Inc. (hereinafter "ETCIC"), by and through its undersigned counsel of record, and files its Motion to Dismiss and Brief in Support pursuant to Rule 12(b)(4)-(6) of the Federal Rules of Civil Procedure. Plaintiff's claims against ETCIC should be dismissed because (1) Plaintiff failed to properly serve ETCIC; (2) Plaintiff's claims are barred by the applicable statute of limitations and (3) Plaintiff's claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").

1

## I.   FACTUAL BACKGROUND

This lawsuit arises from a motor vehicle collision that occurred on January 3, 2022 in Lafayette County, Florida ("the Accident"). (Doc. 1, ¶ 2). Plaintiff claims that truck driver Alan Loren Guernsey negligently drove a commercial motor vehicle, struck Ms. Cooley's vehicle, and caused her death. (*Id.* at ¶ 23). Plaintiff alleges that Guernsey was an agent or statutory employee of his employer, Chris Lyons d/b/a Lyons' Trucking ("Lyons Trucking"). (*Id.* at ¶ 24). Plaintiff also alleges that the trailer Guernsey was pulling was owned by Early Trucking Company ("Early"). (*Id.* at ¶ 23). Plaintiff filed his lawsuit on December 28, 2023 against Arch, Early Trucking Company, and ETC Independent Contractors. (*Id.*, generally).

Plaintiff filed a companion lawsuit in Brevard County, Florida against Lyons Trucking and Guernsey, alleging several important facts. ("Florida lawsuit"). (See Plaintiff's Complaint for Damages, Civil Action No. 05-2023-CA-023560, a true and correct copy of which is attached hereto as "Exhibit A"[1]). First, Plaintiff alleges that Guernsey was operating a Peterbilt Conventional TR tractor owned by Lyons Trucking. (Exh. A, ¶ 10). Lyons Trucking and Guernsey admit these allegations.

---

[1] This Court may take judicial notice of certain facts established in prior lawsuits without converting a motion to dismiss to a motion for summary judgment. *Horne v. Potter*, 392 Fed. App'x. 800, 802 (11th Cir. 2010).

(See Defendants' Answer and Affirmative Defenses, Civil Action No. 05-2023-CA-023560, a true and correct copy of which is attached hereto as "Exhibit B").

Second, Plaintiff alleges that at all times relevant to this Accident, Guernsey was an agent, employee, or statutory employee of Lyons Trucking and that Guernsey was acting within the course and scope of his employment with Lyons Trucking at the time of the Accident. (Exh. A at ¶ 22). Again, Lyons Trucking and Guernsey admit these allegations. (Exh. B at ¶ 22). In response to a Motion to Transfer Venue filed by Lyons Trucking and Guernsey, Plaintiff writes:

> At the time of the collision, Defendant Lyons Trucking employed Defendant Guernsey and is vicariously liable for any of this negligent conduct.

(See Plaintiff's Response Opposing Defendants' Amended Motion to Transfer Venue, Civil Action No. 05-2023-CA-023560, a true and correct copy of which is attached hereto as "Exhibit C").

Plaintiff's own pleadings delineate the roles of the parties. Guernsey is the truck driver. Lyons Trucking is the motor carrier. Lyons Trucking is vicariously liable for Guernsey's negligent conduct at the time of the Accident, to the extent it is proven.

Regarding ETCIC, Plaintiff alleges that ETCIC is a freight broker and that ETCIC was independently negligent in its brokering of the load hauled by Guernsey and Lyons Trucking at the time of the Accident. (Doc. 1, ¶ 37). Plaintiff has also included vicarious liability and concerted action claims against ETCIC, alleging that

3

ETCIC is vicariously liable for the actions of Early, Guernsey and/or Lyons Trucking in the Accident. (*Id.* at ¶¶ 21-24). Plaintiff has also alleged punitive damages and attorneys' fees and expenses against all Defendants. (*Id.* at ¶¶ 55, 56, 61, 62). For the reasons stated below, Plaintiff's claims should be dismissed.

First, Plaintiff filed lawsuit on December 28, 2023 against the Defendants. (Doc. 1, *generally*). The statute of limitations for Plaintiff's claims expired on January 4, 2024. There is no proof of service upon any Defendant with the Court. For the reasons set forth herein as well as the reasons set forth in Early's Motion to Dismiss and Brief in Support, incorporated herein by reference, Plaintiff's claims against ETCIC and Early should be dismissed.

ETCIC is a federally licensed broker for interstate shipments of freight. (See Broker Authority and License on file with the U.S. Department of Transportation Federal Motor Carrier Safety Administration [FMCSA], available at https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_getdetail, a print-out of which is attached hereto as "Exhibit D").[2] ETCIC only has broker authority, not common or contract authority that motor carriers often have. (Exh. D). As such, it assists shippers of goods with transport or delivery of those goods through their placement

---

[2] Like the Plaintiff's pleadings in the Florida lawsuit, this Court may take judicial notice of ETCIC's legally required and publicly available documents filed with the FMCSA. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1275-76 (11th Cir. 1999) (finding that that the Middle District of Georgia was authorized to take judicial notice of filing documents with the Securities and Exchange Commission at the motion to dismiss stage)

4

with an authorized motor carrier for shipment, such as Lyons Trucking. (Doc. 1 at ¶ 37). In this capacity, ETCIC is the "middle man" between the shipper who needs freight transported and the motor carrier who actually transports the freight. (*Id.*).

Here, ETCIC brokered the Freight to Lyons Trucking for Lyons Trucking to transport as motor carrier. (*Id.*; Exh. A at ¶ 22; Exh. B at ¶ 22). Because Plaintiff's allegations all arise out of ETCIC's activities as a federally licensed freight broker, all Plaintiff's claims are preempted by federal law. Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Even though detailed "factual allegations are not required in order to withstand a motion to dismiss under Rule 12(b)(6), a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (citations

and punctuation omitted). "The complaint must allege facts sufficient to raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.*

### III.   ARGUMENT AND CITATIONS OF AUTHORITY

Plaintiff's Complaint should be dismissed for three reasons. First, Plaintiff has failed to serve ETCIC and his claims are barred by the statute of limitations. Second, Plaintiff's claims against ETCIC should be dismissed because they are preempted by federal law. Finally, Plaintiff's claims against ETCIC should be dismissed for failure to state a claim.

### A. Dismissal for Insufficient Service of Process

"Service of process is a jurisdictional requirement, and the Court has no power over a person without proper service of process." *Similien v. Walk at Legacy Condominium Assoc., Inc.*, No. 1:23-CV-0273-JPB, 2023 WL 8096903, at *2 (N.D. Ga. Nov. 21, 2023) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). "When service of process is challenged under Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of establishing its validity." *Id.* (citing *Reeves v. Wilbanks*, 542 F. App'x 721, 746 (11th Cir. 2013)). "In determining whether this burden has been met, the Court applies the standards of proof governing motions to dismiss for lack of personal jurisdiction." *Id.* There is no proof of service upon ETCIC in the record, compelling the dismissal of Plaintiff's claims against it.

## B. FAAAA Preemption

### 1. Applicability of Express Preemption Clause

It is universally agreed that "[t]he purpose of the FAAAA [was] to deregulate trucking in order to provide 'maximum reliance on competitive market forces.'" *CRST Dedicated Servs., Inc. v. Ingersoll-Rand Co.*, 194 F. Supp. 3d 426, 430 (W.D.N.C. 2016) (*quoting Rowe v. N.H. Transp. Ass'n*, 552 U.S. 364, 367 (2008)). Pursuant to that objective, Congress placed an express preemption clause into the FAAAA which provides that:

> a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier. . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). The statutorily-mandated preemption is intended to allow transportation services companies to develop and make available services guided by market forces and free from state laws regulating or prescribing the services provided. *See Rowe* at 372-373.

The Supreme Court of the United States has held that, under this provision, state enforcement actions and laws which have a "significant impact" on the rates, routes, or services of the entities listed in the statute are preempted. While state laws are not preempted if "their connection with trucking is. . . tenuous, remote, or

peripheral," a "preemption may occur even if a state law has only an indirect effect on rates, routes, or services." *Id.* at 364; s*ee also Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 252 (2013) ("the phrase 'related to' embraces state laws 'having a connection with or reference to' carrier ''rates, routes, or services,'' whether directly or indirectly.").

Numerous district courts and the only federal circuit court to examine the issue have held that state common law claims can trigger preemption under 49 U.S.C. § 14501(c)(1) by having a significant impact on rates, routes, or services of the trucking industry. *See Ye v. GlobalTranz-Enterprises, Inc.*, 74 F.4th 453, 465 (7th Cir. 2023) (finding that state law negligent hiring and vicarious liability claims are preempted by the FAAAA and the savings clause does not apply*)*; *Aspen American Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1266 (11th Cir., Apr. 13, 2023) (holding that state law negligence claims are related to the service of a broker with respect to the transportation of property); *see also, e.g., CRST Dedicated Servs., Inc. v. Ingersoll-Rand Co.*, 194 F. Supp. 3d 426, 432 (W.D.N.C. 2016) (granting motion to dismiss claims, including a common-law trespass to chattel claim, because the "claims at issue are related to the price and service of a motor carrier with respect to the transportation of property, and therefore, are preempted by 49 U.S.C. § 14501(c)(1)."); *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 257

(D. N.J. 2016); *AIG Europe Ltd. v. Gen. Sys., Inc.*, 2014 WL 3671566, at *4 (D. M.d. July 22, 2014); *Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc*., 888 F. Supp. 2d 197, 205- 06 (D. N.H. 2012).

These courts have arrived at this conclusion based on the plain language of the statute and on Supreme Court precedent interpreting identical language in the Airline Deregulation Act ("ADA"). *See, e.g., Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1024 (9th Cir. 2020), *citing Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014). In *Northwest, Inc. v. Ginsberg*, the Supreme Court held that state common-law claims for breach of contract and breach of the duty of good faith and fair dealing with regard to an airline's revocation of a member's frequent flyer miles were preempted by the ADA. *Northwest, Inc.*, 572 U.S. at 275. Specifically, the Court held that the claims had "'a connection with, or reference to, airline' prices, routes, or services," and that they thus "'relate[d] to' 'rates, routes, or services,'" triggering preemption under the statute. *Id.* at 274; s*ee also Coventry Health Care of Missouri, Inc. v. Nevils*, 581 U.S. 87 (2017) ("We have 'repeatedly recognized' that the phrase 'relate to' in a preemption clause 'express[es] a broad pre-emptive purpose.'"). In the present case, Plaintiff's common law claims for negligence against ETCIC as a broker (or putative motor carrier) "relate[] to" trucking industry "rates, routes, or services," triggering preemption under the FAAAA.

9

### a. Preemption Applies Whether ETCIC is Alleged to Be a Broker or Carrier.

As an initial matter, Plaintiff's Complaint, either intentionally or through ignorance, does not assign labels to ETCIC, Early Trucking, or Lyons Trucking. Plaintiff's Complaint, read together with the Florida lawsuit, shows that Lyons Trucking is the motor carrier, ETCIC is the freight broker, and Early Trucking is merely the owner of the trailer pulled by Guernsey and the Lyons truck at the time of the Accident.

Definitions of "motor carrier" and "broker" under 49 U.S.C. § 13102 are important to bear in mind:

> The term "motor carrier" means a person providing motor vehicle transportation for compensation.

49 U.S.C. § 13102(14).

By contrast:

> The term "broker" means a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).

Taking Plaintiff's facts as alleged, rather than "providing motor vehicle transportation for compensation," ETCIC "arrang[ed] the transportation relationship

10

between Lyons Trucking and Early Trucking" and "broker[ed] a transportation relationship with [Lyons Trucking] to Defendant Early Trucking," making it a broker rather than a motor carrier. (*See* Doc. 1, ¶ 37).

On its face, it may be unclear why Plaintiff attempts to circumvent a plain reading of the statute in order to characterize ETCIC as a motor carrier rather than a broker. Perhaps Plaintiff is aware of the broad preemption afforded to all claims, including state law negligence claims, against brokers. *See Aspen*, 65 F.4th at 1266 (holding that FAAAA preemption is broad enough to bar negligence claims against a freight broker). Nevertheless, FAAAA preemption is triggered with equal strength under either characterization. Specifically, 49 U.S.C. § 14501(c)(1) preempts state action having the force of law "related to a. . . service of any *motor carrier*. . . or any. . . *broker*. . . with respect to the transportation of property." (emphasis added).

In this context, "[w]ith few exceptions, the conclusions reached by district courts conducting an express preemption analysis are that the 'services' of a freight broker involve arranging for a motor carrier to transport property and that a state-law negligent brokering claim is directly 'related to' the broker's performance of this service with respect to the transportation of property." *Loyd v. Salazar*, 416 F. Supp. 3d 1290, 1297 (W.D. Okla. 2019); *see also Finley v. Dyer*, 2018 U.S. Dist. LEXIS 182482 (N.D. Miss. Oct. 24, 2018) (negligent hiring and entrustment claims

11

against freight broker "derive from a broker's service" and so "are 'related to' such service" and preempted by § 14501(c)(1)); *Creagan v. Wal-Mart Transp., LLC*, 354 F. Supp. 3d 808, 813 (N.D. Ohio 2018) ("because the negligent hiring claim seeks to enforce a duty of care related to how Kirsch (the broker) arranged for a motor carrier to transport the shipment (the service), the claim falls squarely within the preemption of [§ 14501(c)(1)]"); *ASARCO LLC v. England Logistics Inc.*, 71 F. Supp. 3d 990, 1006-07 (D. Ariz. 2014) (holding that a negligence claim against a broker would affect its "services" and so was preempted under the FAAAA/ICCTA). For example, a very similar negligent selection theory was found to be preempted in *Krauss v. IRIS USA, Inc.*, 2018 U.S. Dist. LEXIS 74922 (E.D. Pa. May 3, 2018). In the words of that Court:

> The allegations, in short, go to the core of what it means to be a careful broker. Or, as a court in Vermont put the issue, they go to "the heart of the services" that C.H. Robinson provides. *See Rockwell v. United Parcel Serv., Inc.*, No. 2:99-CV-57, 1999 U.S. Dist. LEXIS 22036, 1999 WL 33100089, at *2 (D. Vt. July 7, 1999) (quotations omitted). In essence, the plaintiffs allege that C.H. Robinson should have used a "heightened and elaborate" process of selecting carriers. 1999 U.S. Dist. LEXIS 22036, [WL] at *3. Such a heightened process, of course, would "necessarily impact directly upon [C.H. Robinson's] services and pricing." *Id.*

*Id.* at *12-13.

Plaintiff's claims here are similar. Plaintiff's claims against ETCIC all relate to the arrangement of transportation and "brokering a transportation relationship" between

12

Lyons Trucking and Early Trucking. (Doc. 1, ¶ 37). Thus, because Plaintiff's claims against ETCIC are based entirely on ETCIC's services related to the arrangement of a shipment, those claims are preempted by federal law.

### b. Inapplicability of Savings Clause.

Furthermore, the Plaintiff's claims are not saved by any exception to the FAAAA preemption. In this regard, a state action otherwise preempted under § 14501(c)(1) is exempted if it falls within the ambit of subsection 14501(c)(2)(A). This "savings clause" provides that § 14501(c)(1):

> shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self- insurance authorization[.]

49 U.S.C. § 14501(c)(2)(A).

As may be seen by comparing the language of this savings clause with the language of the § 14501(c)(1) preemption clause, the former is much narrower in scope. This is to be expected, lest all preempted actions be saved by the exception. *See Creagan*, 354 F. Supp. 3d at 814 ("[I]f [the savings clause were as broad as the preemption clause], all preempted claims would then be "saved" by the exception."). Whereas the preemption clause is triggered by state actions having the force of law

"related to a price, route, or service of any motor carrier. . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property," the savings clause protects "the safety regulatory authority of a State with respect to motor vehicles."

Numerous courts have examined the applicability of the savings clause to negligence claims premised on the "services" shielded by the preemption clause and found that to save such a claim from preemption "would be an unwarranted extension of the exception to encompass a safety regulation concerning motor carriers rather than one concerning motor vehicles." *Loyd*, 416 F. Supp. 3d at 1299-300 ("Assuming that a common law negligence claim can be considered a safety regulation with respect to motor vehicles, a negligent hiring or brokering claim—even one alleging that a broker unreasonably selected an unsafe motor carrier—only indirectly concerns the safety of the motor vehicles owned or operated by the motor carrier."); *see also Ye*, 74 F.4th at 461 (holding that plaintiff's alleged indirect link between the broker and a motor vehicle is "a bridge too far"); *Gillum v. High Standard, LLC*, No. SA-19-CV-1378- XR, 2020 WL 444371, at *5 (W.D. Tex. Jan. 27, 2020) (holding safety exception did not save negligent hiring and vicarious liability claims brought against a broker from preemption); *Volkova v. C.H. Robinson Co.*, No. 16 C 1883, 2018 WL 741441, at *4 (N.D. Ill. Feb. 7, 2018)

14

("Plaintiff points to no convincing authority supporting the proposition that a state common law claim for negligent hiring constitutes a safety regulation of a motor vehicle"); *Creagan v. Wal-Mart Transportation, LLC*, 354 F. Supp. 3d 808, 814 (N.D. Ohio 2018) (concluding a negligent hiring claim "is not within the safety regulatory authority of the state" because it "seeks to impose a duty on the service of the broker rather than regulate motor vehicles"). As an example, *Flanagan v. BNSF Ry. Co.*, 2021 U.S. Dist. LEXIS 262586 (S.D. Ia. November 19, 2021), focused on the statutory language to hold that:

> Considering the language of the exception, Plaintiffs' claim is unrelated to the motor vehicle safety regulations contemplated by the regulatory authority exception. Plaintiffs allege a common law negligent selection of a shipping broker claim. ECF No. 23 ¶¶ 48- 56. Plaintiffs do not allege a claim for negligence per se. *See id.* Common law negligent hiring claims are a private right of action. Such claims do not constitute regulations enforced by a State regulatory agency. *See Rowe*, 552 U.S. at 371-75 (discussing Maine's regulation of tobacco delivery). Even if the State's regulatory authority encompassed common law negligence claims, Plaintiffs' claim for negligent selection of a shipping broker does not concern the regulation of motor vehicle safety. While the vehicle involved in the collision would be subject to the State's safety regulatory authority, NTC Logistics, as a broker, does not own or operate that motor vehicle. The nature of Plaintiffs' claim supports finding the safety regulatory exception does not apply.

*Id.* at *21-22.

This Circuit recently addressed a similar issue in *Aspen American Insurance Company v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. Apr. 13, 2023). In

15

*Aspen*, the district court found that a plaintiff's state law negligence claims were preempted by the FAAAA as they "related to a service of any broker with respect to the transportation of property." 65 F.4th at 1266-67. Even the indirect connection to the broker's services warranted the application of FAAAA preemption. *Id.* The Court stressed that the FAAAA defines the services of a broker as arranging for the transportation of property by a motor carrier and a "core part of this transportation-preparation service is, of course, *selecting the motor carrier who will do the transporting.*" *Id.* citing *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1026 (9th Cir. 2020) (emphasis added).

Judge Baker in the Southern District of Georgia followed similar reasoning in *Gauthier v. Hard To Stop, LLC*, 2022 WL 344577 (S.D. Ga., Feb. 4, 2022). The Court reasoned plaintiff's negligent hiring claim is related to the broker's "core" services: "hiring motor carriers to transport shipments." The court also noted the claim had an "impermissible significant and direct impact on the [broker's] services and prices because it seeks to impose heightened (and potentially costly) common law duties to investigate the motor carriers with which it contracts." *Id.* at *7. Finally, the Court concluded the "safety exception" in Section 14501(c)(2) was inapplicable to the negligent hiring claim, because the broker's alleged failure in not adequately vetting the motor carrier and/or driver was too "tenuously connected to motor

16

5081623.2

vehicle safety" to fall within the exception. *Gauthier*, 2022 WL 344577 at *10. In other words, the negligent hiring claim attempted to impose a duty on the broker's services, not the motor vehicles themselves. Thus, the claim was preempted and the savings clause did not apply.

Similarly, the safety exception cannot be extended to save from preemption Plaintiff's claims regarding broker services in the instant case, as such an interpretation would stretch the savings clause beyond its intended purpose. In effect, such application of the savings clause would allow the FAAAA's exception to swallow its preemption, permitting indirect state regulation of brokers and motor carriers in contradiction to the FAAAA's intent under the guise of preserving state power to regulate motor vehicles. Accordingly, the safety exception does not apply in this case, and the Plaintiff's claims are not exempted from preemption.

### 3. Failure to State a Claim

Plaintiff's Complaint against ETCIC should also be dismissed for failure to state a claim on two separate grounds. First, Plaintiff's claims against ETCIC are barred by the statute of limitations. also fails to state a claim upon which relief may be granted. Dismissal of a plaintiff's complaint pursuant to Rule 12(b)(6) on statute of limitations grounds is appropriate where it is apparent from the face of the

complaint that the claim is time-barred. *Hunt v. Ga. Dep't of Cmty. Affairs*, 490 Fed. App'x 196, 198 n.3 (11th Cir. 2012).

In this diversity case, the Court applies Georgia law regarding timeliness of service after the limitations period has expired. *See Tillman v. Georgia*, 466 F. Supp. 2d 1311, 1315 (S.D. Ga. 2006) *citing Cambridge Mut. Fire Ins. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232-33 (11th Cir. 1983). There is no proof of service upon ETCIC in the record. Plaintiff's Complaint must be dismissed as it is barred by the statute of limitations.

Second, *Gauthier's* reasoning supports dismissal of the Plaintiff's claims against ETCIC as well. The Court wrote, "[I]n order to state claim for negligence based on respondeat superior, a plaintiff must plausibly allege that the purported principal controlled the time, manner, and method of the purported agent's activities or operations." *Pizza K. Santagata*, 547 S.E.2d 405, 407 (Ga. Ct. App. 2001); *see Amin v. Mercedes-Benz USA, LLC,* 349 F. Supp. 3d 1338, 1357–58 (N.D. Ga. 2018).

In *Gauthier*, like in this case, Plaintiff's agency theory against ETCIC is scant. There, plaintiff alleged that the driver was acting "as an employee or agent for Hard to Stop … and/or Total Quality … at all relevant times." 2022 WL 344577 at *3. The "bare assertion of the existence of an agency relationship, when made by an outsider to the alleged relationship, is not a statement of fact, but merely an

unsupported conclusion of law." *Id.* (citations and punctuation omitted).

Plaintiff included the same conclusory vicarious liability/agency allegations in Paragraphs 21 through 24 of the Complaint, alleging that ETCIC maintains some agency relationship with Lyons Trucking, Guernsey, and/or Early Trucking without specifying the nature of the relationship. (Doc. 1, ¶¶ 21-24). These types of "unsupported conclusions of law" are not enough to survive ETCIC's Motion to Dismiss. Therefore, ETCIC moves to dismiss Plaintiff's agency and vicarious liability claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For these reasons, Defendant ETC Independent Contractors, Inc. respectfully requests that this Court GRANT its Motion to Dismiss.

This 30th day of January, 2024.

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton, Esq.
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendant ETC Independent Contractors, Inc.*

5081623.2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by e-filing the same with the Court's CM-ECF system and via email addressed to counsel of record as follows:

James W. Stone, Esq.
William S. Stone, Esq.
The Stone Law Group – Trial Lawyers, LLC
5229 Roswell Road NE
Atlanta, GA 30342
billstone@stonelaw.com
james@stonelaw.com

This the 30th day of January, 2024.

            MOSELEY MARCINAK LAW GROUP, LLP

            */s/ Blair J. Cash*
            Blair J. Cash, Esq.
            Georgia Bar No. 360457
            blair.cash@momarlaw.com
            Anna K. Beaton, Esq.
            Georgia Bar No. 421320
            anna.beaton@momarlaw.com
            *Attorneys for Defendant ETC Independent*
            *Contractors, Inc.*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5081623.2