IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |  |
|---|---|---|
| STEPHEN ERIC COOLEY, Individually, and as duly appointed Personal Representative of the Estate of SUZETTE SANN COOLEY, | : : : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 1:23-CV-229 (LAG) |
| EARLY TRUCKING COMPANY, ETC INDEPENDENT CONTRACTORS, INC. and ARCH INSURANCE COMPANY, | : : : : | |
| Defendant. | : : | |

## ORDER

Before the Court is Defendant Arch Insurance Company's (Defendant Arch's) Motion to Dismiss (Doc. 17) and Plaintiff's Request for a Hearing on Pending Motions (Doc. 40). For the reasons below, Defendant Arch's Motion to Dismiss is **GRANTED** and Plaintiff's Motion for a Hearing is **DENIED** as to Defendant Arch's Motion to Dismiss.

## BACKGROUND

This case arises out of a motor vehicle collision that occurred on January 3, 2022, in Lafeyette County, Florida.[1] (Doc. 1 ¶ 20). According to the Complaint, Suzette Cooley was driving a 2009 Nissan Altima on County Road 241. (*Id.*). Meanwhile, Alan Guernsey was driving a 2000 Peterbilt Conventional tractor westbound on County Road 292 near its intersection with County Road 251. (Doc. 1 ¶ 23; Doc. 30-2 ¶¶ 20–22). Guernsey ran a stop sign and struck the passenger side of Suzette Cooley's vehicle. (Doc. 30-2 ¶ 23).

---

[1]    On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

Suzette Cooley died as a result of the accident. (Doc. 1 ¶¶ 26–41). Defendant Early Trucking Company (Defendant Early Trucking) owned the trailer that the tractor trailer was pulling at the time of the accident. (*Id.* ¶ 23). Defendant Arch insures Defendant Early Trucking. (*Id.* ¶¶ 13–15).

Plaintiff filed an action against Guernsey and Lyons Trucking in Brevard County Circuit Court in Florida. (Doc. 5-1–5-3). On December 28, 2023, Plaintiff filed a diversity action against Early Trucking, Early Trucking Company Independent Contractors (ETCIC), and Defendant Arch in this Court. (Doc. 1). Therein, Plaintiff Stephen Cooley brings a wrongful death claim as Suzette Cooley's surviving spouse and a claim on behalf of Suzette Cooley's estate for her pre-death injuries. (*Id.* ¶¶ 50–62). Defendant Arch filed a Motion to Dismiss on February 6, 2024. (Doc. 17). Plaintiff responded on March 12, 2024, and Defendant replied in support of the Motion to Dismiss on April 9, 2024. (Docs. 29, 36). Accordingly, the Motion to Dismiss is ripe for review. M.D. GA. L.R. 7.3.1A.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court "take[s] the factual allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiffs[,]" but is "not required to accept the legal conclusions in the complaint as true." *Anderson*, 17 F.4th at 1344–45 (citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

**I.    Defendant Arch's Motion to Dismiss**

Defendant Arch, which insures Early Trucking, argues Plaintiff cannot sue Defendant Arch under Georgia's direct-action statute because Defendant Early Trucking is not a "motor carrier" as defined by the statute.[2] (Doc. 17 at 6–10; Doc. 1 ¶¶ 14–15); *see* O.C.G.A. § 40-1-112(c). This Court sits in Georgia, but the accident in this case occurred in Florida. (Doc. 1 ¶ 20). Thus, the Court must first consider whether Georgia or Florida law on direct actions against insurers applies. This analysis matters because Georgia law allows a plaintiff to bring a direct action against the insurer of a motor carrier, but Florida law only allows a plaintiff to bring a direct action against an insurer if either a verdict or settlement has been obtained against the insured. *See* O.C.G.A. § 40-1-112(c); Fla. Stat. § 627.4136(1).

As this Court has jurisdiction based on diversity of citizenship, the Court must apply Georgia's choice of law rules "to determine which substantive law governs the action." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins.*, 550 F.3d 1031, 1033 (11th Cir. 2008) (per curiam). Under those rules, the Court first determines whether the issue is substantive or procedural in nature. *See Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F. 3d 1322, 1325 (11th Cir. 2006) (per curiam).

Because the issue is not solely procedural, the Court must determine whether a direct-action sounds in tort or contract. *Id.* Georgia follows the doctrine of *lex loci delicti* in tort cases and the principle of *lex loci contractus* in contract cases. *Dowis v. Mud Slingers, Inc.*, 621 S.E.2d 413, 415, 419 (Ga. 2005); *Donaldson v. Old Republic Ins.*, No. 4:14-CV-256, 2015 WL 2184322, at *1 (M.D. Ga. May 11, 2015) (citing *Moody & Assocs.*, 468 F. 3d at 1325). Although Plaintiff, depending on the outcome of his claims against

---

[2]    Defendant Early Trucking filed a Motion to Dismiss (Doc. 4) on January 30, 2024, and Defendant Arch argues that if the Court dismisses Defendant Early Trucking from this action, it also must dismiss Defendant Arch. (Doc. 17 (first citing *Wiedeman v. Canal Ins.*, 1:15-cv-4182-WSD, 2017 WL 2625347, at *4 (N.D. Ga. June 16, 2017); and then citing *Sapp v. Canal Ins. Co.*, 288 Ga. 681 (2011)).

Early Trucking, may be determined to be a third-party beneficiary of Early Trucking and Defendant Arch's insurance contract, "this case does not otherwise involve the validity nature, construction, or interpretation of the insurance contract." *Moody & Assocs.*, 468 F.3d at 1326; *see Atl. Specialty Ins. v. Lewis*, 802 S.E.2d 844, 848 (Ga. Ct. App. 2017) (explaining that a tort plaintiff is generally not a third-party beneficiary under an insurance contract until judgment is entered against the insured). Instead, "[t]o succeed on [Plaintiff's] claim[], [he] must prove that [Early Trucking] was negligent." *Moody & Assocs.*, 468 F.3d at 1326. Thus, this case sounds in tort and the Court uses the *lex loci delecti* principle and not the *lex loci contractus* principle to determine whether Florida or Georgia law applies to the direct-action claim against Defendant Arch. *See id.*

Under the *lex loci delicti* doctrine, the Court applies the law of the state where the tort was committed. *Dowis*, 621 S.E.2d at 414–15, 419.

> The place where the tort was committed, or, the locus delicti,
> is the place where the injury sustained was suffered rather than
> the place where the act was committed, or, as it is sometimes
> more generally put, it is the place where the last event
> necessary to make an actor liable for an alleged tort takes place.

*Auld v. Forbes*, 848 S.E.2d 876, 879 (Ga. 2020) (citation omitted). Here, the Complaint alleges that the collision that gives rise to Plaintiff's claims took place in in Lafeyette County, Florida. (*See* Doc. 1 ¶ 20). Thus, the "last event necessary to make [Defendant Arch] liable for the alleged tort, i.e., [the car crash], occurred in [Florida]." *Risdon Enterps., Inc. v. Colemill Enterps., Inc.*, 324 S.E.2d 738, 740 (Ga. Ct. App. 1984). Accordingly, the Court finds that Florida substantive law, including Florida law in regard to direct actions against insurers, applies to Plaintiff's tort claims. *See Donaldson*, 2015 WL 2184322, at *1 (applying Alabama direct-action statute where the tort occurred in Alabama); *Hidalgo v. Ohio Sec. Ins.*, No. 4:10-CV-0183-HLM, 2011 WL 12711470, at *3 (N.D. Ga. Feb. 24, 2011) (applying Tennessee law regarding direct actions based on Georgia's *ex loci delicti* doctrine).

An exception to this rule is that, under Georgia law, courts do "not apply the law of the place where the injury was sustained if it would conflict with Georgia's public policy."

*Auld*, 848 S.E. 2d at 880 (quoting *Coon v. Med. Ctr., Inc.*, 797 S.E.2d 828, 832 (Ga. 2017)). But Georgia courts only apply the exception if the foreign state's law is "'radically dissimilar to anything existing in [Georgia's] system of jurisprudence' that it would 'seriously contravene' the policy embodied in Georgia law." *Id.* (quoting *S.R.R. v. Decker*, 62 S.E. 678 (Ga. Ct. App. 1908)). Georgia's direct action statute allows a plaintiff to bring a direct action against the insurer of a motor carrier, but under Florida's nonjoinder statute "an injured third party may not file a direct action against a liability insurer for a cause of action covered by a liability insurance policy without first satisfying either one of two conditions precedent: (1) obtaining a settlement against the insured or (2) obtaining a verdict against the insured." *Progressive Select Ins. v. Bigney*, 264 So.3d 222, 224 (Fla. Dist. Ct. App. 2018) (quoting *Hazen v. Allstate Ins.*, 952 So.2d 531, 534 (Fla. Dist. Ct. App. 2007)); Fla. Stat. § 627.4136(1). Although Georgia and Florida law regarding direct actions are different, in both Georgia and Florida a plaintiff "can sue an insurance carrier directly to recover for their losses." *Donaldson*, 2015 WL 2184322, at *3. Florida "simply adds an additional step to such actions:" a plaintiff must first obtain a settlement or verdict against the insured. *Id.* Then then the plaintiff may join the insurer in the underlying action. *Id.*; *Hazen*, 952 So.2d at 534. Thus, Florida's nonjoinder statute is not "radically dissimilar" to Georgia's direct-action statute and Georgia public policy does not prevent the application of Florida law to this case. *Donaldson*, 2015 WL 2184322, at *3–4; *Hidalgo*, 2011 WL 12711470, at *3. Accordingly, Plaintiff cannot maintain a direct action against Defendant Arch until he either obtains a settlement with Early Trucking or a verdict against Early Trucking. *Donaldson*, 2015 WL 2184322, at *3–4. The claims in this case are currently pending against Early Trucking, and no settlement or verdict has been reached. (*See* Docket).

While Plaintiff has filed a Motion to Amend (Doc. 30), any amendment to the Complaint would be futile, even considering the facts asserted in the proposed Amended Complaint, because Plaintiff cannot bring a direct action against Defendant Arch under Florida law. (Doc. 30); *see Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006)); *Hazen*, 952 So.2d at 534. Thus, Plaintiff's Motion to Amend does not impact the

Motion to Dismiss against Defendant Arch. (*See* Doc. 30). Accordingly, Defendant Arch must be dismissed as a party at this time. *See Hazen*, 952 So.2d at 534; *Dandeneau v. Hanover Ins.*, 476 F. Supp. 3d 1280, 1282–83 (S.D. Fla. 2020) ("Under Florida law, the proper course of action for premature third-party claims is to dismiss without prejudice." (citing *GEICO Gen. Ins. v. Martinez*, 240 So.3d 43, 46 (Fla. Dist. Ct. App. 2018))). Should Plaintiff settle its claims with Defendant Early Trucking or a verdict be entered against Defendant Early Trucking, Plaintiff may, consistent with the Federal Rules of Civil Procedure and applicable law, file a motion to join Defendant Arch. *See Hazen*, 952 So.2d at 534; Fed. R. Civ. P. 20.

## II.    Plaintiff's Motion for a Hearing

Plaintiff requests that the Court hold a hearing on the pending motions in this case. (Doc. 40). Neither the Federal Rules of Civil Procedure nor the Court's local rules entitle litigants to oral argument on motion to dismiss. *See Coney v. Macon-Bibb County*, No. 5:19-cv-00145-TES, 2019 WL 13098500, at *1 (M.D. Ga. June 6, 2019) (first citing Gallo-Rodriquez v. U.S., 513 F. App'x 971, 973–74 (Fed. Cir. 2013); and then citing *Thomas v. United States*, 245 F. App'x 18, 19–20 (Fed. Cir. 2007); and then citing *Barker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981)); M.D. Ga. L.R. 7.5 (explaining that courts in this district decide all motions "without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel"). As set forth above, the Court has resolved Defendant Arch's Motion to Dismiss based on the filings. Thus, oral argument is unnecessary, and Plaintiff's Request for Hearing (Doc. 40), specifically in regard to Defendant Arch's Motion to Dismiss, is **DENIED**.

**CONCLUSION**

Accordingly, Defendant Arch's Motion to Dismiss (Doc. 17) is **GRANTED**. Defendant Arch is dismissed as a party to this case **without prejudice**.

**SO ORDERED**, this 30th day of September, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**